Fulton County Superior Court
\*\*\*EFILED\*\*\*TV
Date: 11/30/2023 3:30 PM
Che Alexander, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| NETROADSHOW, INC., | * |
| Plaintiff, | * |
| | * CIVIL ACTION FILE NO. |
| | * 2023CV389523 |
| v. | * |
| LISA CARRANDI, | * JURY TRIAL DEMANDED |
| Defendant. | * |

## PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, NetRoadshow, Inc., ("NetRoadshow" or "Plaintiff"), pursuant to O.C.G.A. § 9-11-65(a) & (b), hereby moves for a Temporary Restraining Order and Preliminary Injunction and submits the following Memorandum of Law in Support, showing the Court as follows:

### I. INTRODUCTION AND FACTS

NetRoadshow is an Atlanta-based company that provides an electronic roadshow platform over the internet for major investment banking customers. Carrandi was an employee of NetRoadshow from 2005 until 2023, beginning in the role of Account Manager and eventually resigning as NetRoadshow's Senior Vice President, Strategic Accounts.

In 2005, Carrandi and NetRoadshow executed an Employee Agreement ("Agreement"). A true and correct copy of the Agreement is attached to the Complaint as Exhibit A. Per the Agreement, Carrandi agreed not to work for a competitor for one-year post-employment and to protect in confidence the confidential information of NetRoadshow.

Carrandi resigned her employment with NetRoadshow, effective July 31, 2023. Carrandi immediately began working for a competitor of NetRoadshow in violation of her Agreement.

## III.   ARGUMENT AND CITATION TO AUTHORITY

### A.   Standard For Granting Injunctive Relief

In determining whether to issue a temporary restraining order or preliminary injunction, the Court must consider whether:

> (1) there is a substantial threat that [plaintiff] will suffer irreparable injury if the injunction is not granted; (2) the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the party being enjoined; (3) there is a substantial likelihood that [plaintiff] will prevail on the merits of her claims at trial; and (4) granting the interlocutory injunction will not disserve the public interest.

*SRB Inv. Servs., LLLP v. Branch Banking & Tr. Co.*, 289 Ga. 1, 5 (2011) (citation omitted); *see also Drawdy CPA Servs., P.C. v. N. GA CPA Servs., P.C.*, 320 Ga. App. 759, 761 (2013) ("Whether to grant or deny an injunction rests in the sound

discretion of the trial court judge, according to the peculiar circumstances of the particular case." (internal quotation marks and citation omitted)).

Each factor is weighed separately, and the moving party need not prove all four factors. *See Aliera Healthcare, Inc. v. Anabaptist Healthshare*, 355 Ga. App. 381, 387 (2020) ("[I]t is not incumbent upon the movant to prove each factor [of the injunction balancing test]." (internal quotation marks omitted)) (quoting *City of Waycross v. Pierce Cnty. Bd. of Commrs.*, 300 Ga. 109, 112 (2016)).

Here, these factors weigh heavily in favor of granting injunctive relief.

Georgia courts have long held that "[a]n interlocutory injunction is a proper legal remedy to enforce a restrictive covenant until there can be a final adjudication on the merits as to the validity, construction, and violation of a restrictive covenant." *Focus Ent. Int'l, Inc. v. Partridge Greene, Inc.*, 253 Ga. App. 121, 128 (2001) (citing *Chambers v. Gallaher*, 257 Ga. 795, 796 (1988); *Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter–Day Saints v. Statham*, 243 Ga. 448, 449 (1979)).

Carrrandi agreed in the Agreement that injunctive relief is appropriate if the restrictive covenants in the Agreement were breached. Ex. A ¶ 7. Where, as here, the parties agree in advance that injunctive relief is appropriate to enforce restrictive covenants, "the parties are bound by the form of relief that they agreed to employ to protect such right." *Id.*

3

1. **NetRoadshow Has Suffered and Continues to Suffer Irreparable Harm Absent Injunctive Relief**

Under Georgia Law, an entity facing loss of customer relationships from violations of a non-compete agreement have been found to suffer irreparable harm. *Kennedy v. Shave Barber Co.*, 348 Ga. App. 298, 308 (2018); *see also Holland Ins. Grp., LLC v. Senior Life Ins. Co.*, 329 Ga. App. 834, 843 (2014).

Where the plaintiff has lost confidential information by the actions of the defendant, the plaintiff risks immediate and irreparable injury. *See Aliera Healthcare*, 355 Ga. App. at 387-88; *see also TMX Fin. Holdings, Inc., v. Drummond Fin. Servs., LLC*, 300 Ga. 835, 839 n.9 (2017) (holding that a "trial court explicitly balanced the equities when it found that there was a substantial threat that [plaintiff] would suffer irreparable injury in the form of lost customers . . . if an interlocutory injunction is not granted" (internal quotation marks and citations omitted)).

Here, Carrandi's actions are intended to compete directly with NetRoadshow and take clients from NetRoadshow in violation of her contractual agreement. If Carrandi is not enjoined, NetRoadshow faces loss of customers and loss of its confidential information.

4

## 2. The Balance of The Equities Favors NetRoadshow's Requested Injunctive Relief

A trial court must carefully weigh the relative harm involved when issuing an interlocutory injunction. *See Kennedy*, 348 Ga. App. at 308 (2018) (citing favorably a holding finding "no abuse of discretion where [the] trial court heard evidence on both sides of the issue and found that the equities weighed in favor of the employer and that the status quo of not having competition by former employee within the restricted area was preserved by issuance of interlocutory injunction." (citing *Bijou Salon & Spa, LLC v. Kensington Enter., Inc.*, 283 Ga. App. 857, 861 (2007))). In *Kennedy*, the Court of Appeals held that where a defendant was found in clear violation of an agreement that provided fair notice of its terms—even if issuance of an interlocutory injunction could harm said defendant—the balance of the equities favored enforcement of the agreement.

Here, the balance of the equities strongly favors NetRoadshow as once customers are lost, they may never return. Carrrandi was given fair notice of her contractual obligations, and flagrantly violated them anyway.

## 3. NetRoadshow is Likely to Succeed on the Merits

NetRoadshow is likely to succeed on the merits of its causes of action based on Carrandi's blatant breach of contract.

In Georgia, "the elements for a breach of contract claim . . . are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain

5

about the contract being broken." *Norton v. Budget Rent A Car Sys., Inc.*, 307 Ga. App. 501, 502 (2010) (internal quotation marks and citations omitted).

The restrictive covenants in the Agreement are necessary, reasonable, and supported by adequate consideration. The restrictions are narrowly drawn, and only prohibit Carrandi's work for Finsight for a one-year period. Finsight is engaged in the "Business" as that term is defined in the Agreement and is in the "Area" as that term is defined in the Agreement. Accordingly, Carrandi's employment with Finsight places her in breach of the non-competition provision.

Further, Carrandi has retained confidential information in the form of knowledge of NetRoadshow's customers' needs, customers' finances, and NetRoadshow's systems, and inevitably uses this information when negotiating with customers of Finsight and managing and strategizing internally at Finsight. This is a breach of the Agreement.

As discussed above, Carrandi's actions have caused extensive harm to NetRoadshow and will continue to cause harm absent relief from this Court.

NetRoadshow is thus likely to prevail on its claim for breach of contract.

4. **The Public Interest Favors NetRoadshow's Requested Injunctive Relief**

The public interest favors the Court granting a temporary restraining order and preliminary injunction to uphold basic notions of contractual obligations and, here, the correlating confidentiality. *See Durham v. Stand-By Labor of Ga., Inc.*,

230 Ga. 558, 563 (1973) ("[W]hen a duty has been imposed upon an employee pursuant to contract not to disclose confidential business information upon termination of employment, public policy is swung in favor of protecting these commercial intangibles and of preventing unfair methods of exploiting them in breach of duty."); *see also Rollins Protective Servs. Co. v. Palermo*, 249 Ga. 138, 142 (1982)).

## IV. CONCLUSION

For all these reasons, NetRoadshow requests that the Court grant a temporary restraining order and interlocutory injunction requiring the following:

(a) requiring Carrandi to cease use of and return any confidential information and other property, including documents and electronic copies of documents belonging to NetRoadshow; and

(b) prohibiting Carrandi from further breaching its contract with NetRoadshow, including her employment with Finsight.

[signature on following page]

Respectfully submitted, this 30th day of November 2023.

        **KREVOLIN & HORST, LLC**

        /s/ *Kana A. Caplan*
        Kana A. Caplan
        Georgia Bar No. 612805
        Taylor A. Cressler
        Georgia Bar No. 664099
        1201 W. Peachtree Street, NW
        Suite 3250, One Atlantic Center
        Atlanta, GA 30309
        (404) 888-9700
        (404) 888-9577 (facsimile)
        caplan@khlawfirm.com
        cressler@khlawfirm.com
        *Attorneys for Plaintiff NetRoadshow, Inc.*