IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NETROADSHOW, INC., | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| | )   CIVIL ACTION FILE |
| vs. | )   NO. 1:23-cv-05697-ELR |
| | ) |
| LISA CARRANDI, | ) |
| | ) |
|   Defendant. | ) |

## DEFENDANT LISA CARRANDI'S MOTION TO VOLUNTARILY DISMISS COUNTERCLAIM WITHOUT PREJUDICE

COMES NOW Defendant and Counterclaimant Lisa Carrandi ("Ms. Carrandi"), pursuant to Fed. R. Civ. P. 41(a)(2), and moves the Court for an Order dismissing her counterclaim without prejudice. A proposed order granting this motion is attached hereto as "Exhibit A." In support of this motion, Carrandi shows as follows:

1.

Plaintiff sued Ms. Carrandi in the Superior Court of Fulton County, Georgia on November 30, 2023, seeking to enforce a restrictive covenant signed in May 2005 by prohibiting her from working for Finsight Group, Inc., and seeking a temporary restraining order and preliminary injunction, among other relief. (Doc. 1_1.)

2.

Ms. Carrandi removed the case to this Court on December 12, 2023. (Doc. 1.) The same day, the Court denied Plaintiff's motion for a temporary restraining order, instructed Ms. Carrandi to file a brief in response to Plaintiff's motion for preliminary injunction by December 22, 2023, and set the case down for hearing on January 10, 2024. (Doc. 4.)

3.

Pursuant to the Parties' joint request, the Court extended the time for Defendant to file her Answer and for the Parties to file their Joint Preliminary Report and Discovery Plan. (Doc. 9.) In compliance with that Order, Ms. Carrandi filed her Answer & Counterclaim on January 8, 2024. (Doc. 16.)

4.

One week earlier, on January 1, 2024, Cal. Bus. & Prof. Code § 16600.5 had gone into effect, which gives California employees a private right of action against former employers who attempt to enforce restrictive covenants against them. In order to avoid any potential waiver of this claim, Ms. Carrandi asserted a counterclaim under Sec. § 16600.5 as a compulsory counterclaim.

5.

However, upon further research of California law and the law of compulsory and permissive counterclaims, Ms. Carrandi has determined that her counterclaim is in fact permissive, not compulsory. See Colliers Int'l - Atlanta, LLC v. Maxum Indem. Co., 640 F. Supp. 3d 1343, 1355 (N.D. Ga. 2022) (a counterclaim is compulsory under Rule 13(a) when "the same operative facts serve as the basis of both claims").

6.

While the parties are the same, and the counterclaim arises out of Plaintiff's conduct in pursuing the breach of contract claim, the facts and law underlying Plaintiff's claim and Defendant's counterclaim are undeniably distinct. See E.-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Plan. & Zoning Comm'n, 888 F.2d 1576, 1578 (11th Cir. 1989) (state law abusive litigation claim was permissive counterclaim, not compulsory, "because it did not arise out of the same transaction or occurrence that precipitated the [plaintiffs'] claim").

7.

Ms. Carrandi's Counterclaim does not arise out of the same transaction or occurrence that precipitated Plaintiff's claim. Plaintiff alleges that its breach of contract claim accrued when Defendant began working for Finsight. (Doc. 1_1, at

pp. 11-12.) Defendant's private right of action under California law accrued on January 1, 2024, when Cal. Bus. & Prof. Code § 16600.5 went into effect, making it a civil violation to attempt to enforce a restrictive covenant against a California citizen, and Plaintiff nonetheless continued its efforts to enforce the non-compete. Accordingly, the claim cannot be compulsory because Ms. Carrandi did not "have" it at the time she was served with this lawsuit. See Colliers, 640 F. Supp. 3d at 1355 (breach of contract and bad faith counterclaims were not compulsory because defendant did not "have" them at the time the action was served).

8.

Because the claims accrued at different times, concern different actions, and involve different legal issues, the Counterclaim is a permissive counterclaim, not compulsory, and need not be pursued in this action.

9.

Because Cal. Bus. & Prof. Code § 16600.5 went into effect on January 1, 2024, no California appellate court has yet published an order construing the private right of action arising under this statute. As such, it presents a novel and complex issue of state law.

10.

The Eleventh Circuit has noted that "Federal courts are (and should be) loath to wade into uncharted waters of state law, and should only do so when absolutely necessary to the disposition of a case." Ameritox, Ltd. v. Millennium Lab'ys, Inc., 803 F.3d 518, 540 (11th Cir. 2015). This is because "[i]t is a bedrock principle that '[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Id. at 541.

11.

However, when a district court declines to exercise supplemental jurisdiction over state law claims, it should dismiss the claims *without* prejudice so that they may be re-filed in the more appropriate forum. Id. at 540 (holding that the district court abused its discretion in maintaining supplemental jurisdiction over novel and complex state law claims and instructing the court "to dismiss the state-law claims without prejudice so that the parties can litigate their claims in a proper forum"). See also Fed. R. Civ. P. 41(a)(2)(a voluntary dismissal should be without prejudice unless the order states otherwise).

12.

Accordingly, Defendant Lisa Carrandi respectfully requests that the Court grant her motion for an Order dismissing her Counterclaim without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Respectfully submitted this the 12th day of February, 2024.

/s/ *Mary Ellen Lighthiser*
Michael D. Flint
Georgia Bar No. 264725
Mary Ellen E. Lighthiser
Georgia Bar No. 105407
*Attorneys for Lisa Carrandi*

MCCLURE & KORNHEISER, LLC
6400 Powers Ferry Road NW
Suite 150
Atlanta, GA 30339
Telephone: (678) 388-2680
E-mail:    mflint@mcclurelegal.com
           mel@mcclurelegal.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the foregoing brief was prepared in Times New Roman 14-point font, in compliance with Local Rule 5.1(B).

This 12th day of February, 2024.

*/s/ Mary Ellen Lighthiser*
Mary Ellen Lighthiser
Georgia Bar No. 105407

MCCLURE & KORNHEISER, LLC
6400 Powers Ferry Road NW
Suite 150
Atlanta, GA 30339
Telephone: (678) 388-2680
E-mail:       mel@mcclurelegal.com

## CERTIFICATE OF SERVICE

I certify that on February 12, 2024 I filed the within and foregoing *BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS HER COUNTERCLAIM* using the CM/ECF System for the federal District Court for the Northern District of Georgia, which will provide electronic service to all counsel of record, and by statutory electronic service.

This the 12th day of February, 2024.

/s/ Mary Ellen Lighthiser
Mary Ellen Lighthiser
Georgia Bar No. 105407

McClure & Kornheiser, LLC
6400 Powers Ferry Road NW
Suite 150
Atlanta, GA 30339
Telephone:  (678) 388-2680
E-mail:      mel@mcclurelegal.com