IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NETROADSHOW, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION FILE |
| vs. | ) NO. 1:23-cv-05697-ELR |
| | ) |
| LISA CARRANDI, | ) |
| | ) |
| Defendant. | ) |

**BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

Defendant Lisa Carrandi ("Ms. Carrandi") files this Brief in Opposition to Plaintiff's Motion to Dismiss her Counterclaim for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 25.) As shown herein, Ms. Carrandi has properly stated a substantive state law claim under which she has a legal right to recovery.

However, upon further research and analysis, Ms. Carrandi has determined that her counterclaim is in fact a permissive, not compulsory counterclaim. Further, because Ms. Carrandi's counterclaim asserts novel issues of California state law, it may be better pursued in California courts. As such, concurrently with this response, Ms. Carrandi has moved the Court for leave to voluntarily dismiss her Counterclaim without prejudice.

1

PROCEDURAL BACKGROUND

Plaintiff filed this action on November 30, 2023 in the Superior Court of Fulton County Georgia, seeking temporary, interlocutory, and permanent injunctive relief, damages, costs, and attorney's fees, all based on Ms. Carrandi's work for a purported-competitor of Plaintiff's, which Plaintiff alleges violates a restrictive covenant in an Employment Agreement she signed in 2005. (Doc. 1-1.) Ms. Carrandi removed the action to this Court on December 12, 2023 (Doc. 1), and filed her Answer, Affirmative Defenses, and Counterclaim on January 8, 2024. (Doc. 16.) In her Counterclaim, Ms. Carrandi seeks a permanent injunction, damages, and attorneys' fees and costs under Cal. Bus. & Prof. Code § 16600.5, which gives a private right of action to California employees whose employers attempt to enforce restrictive covenants against them. (Id.) On January 29, 2024, Plaintiff moved to dismiss the Counterclaim pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim for which relief can be granted. (Doc. 25.)

ARGUMENT & CITATIONS OF AUTHORITY

As Plaintiff's brief acknowledges, a court may grant a motion to dismiss *only* "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief." Next Century Commc'ns Corp. v. Ellis, 171 F. Supp. 2d 1374, 1378 (N.D. Ga. 2001). "A counterclaim will be dismissed for failure to state a claim

2

only if the facts as pled do not state a claim that is plausible on its face." USI Ins. Servs. LLC v. Se. Series of Lockton Companies, LLC, Civil Action No. 1:20-CV-02490-SCJ, 2021 WL 912258, at *4 (N.D. Ga. Mar. 10, 2021). Plaintiff's motion to dismiss does not attack the factual allegations of the Counterclaim, which are indisputable, but instead argues that Ms. Carrandi is not entitled to a private right of action under Cal. Bus. & Prof. Code § 16600.5 because of the Employment Agreement's contractual choice of law provision.

In doing so, Plaintiff has misstated the Court's ruling in representing that the Court has already held that Georgia law controls "this dispute." (Doc. 25-1, at 1.) The Court held that Georgia law controlled Plaintiff's breach of contract claim for purposes of the preliminary injunction determination,[1] but has not ruled that the contract's choice of law clause thereby deprives Ms. Carrandi of the private right of

---

[1] While Ms. Carrandi agreed to analyze the Employment Agreement under then-prevailing Georgia law for purposes of the preliminary injunction, the enforceability of the choice of law provision should not be taken as settled. Pursuant to Cal. Lab. Code § 925, employers cannot require employees who reside and work in California to agree to a provision that would require the employee to adjudicate outside of California, or deprive the employee of the substantive protection of California law, with respect to a controversy arising in California. This provision applies to employment agreements which were modified or extended after January 1, 2017, and a California appellate court has held that "alleged oral modifications to [the employee's] position, job responsibilities, and compensation structure, occurring after January 1, 2017, were sufficient to bring Sewell's employment agreement under section 925." LGCY Power, LLC v. Superior Ct., 75 Cal. App. 5th 844, 867 (2022).

action afforded to her by her own state's substantive law. (See generally Doc. 22.) Plaintiff's breach of contract claim is separate and distinct from Ms. Carrandi's claim, which arises out of Plaintiff's commission of a civil violation by attempting to enforce that contract against a California citizen. A ruling that Georgia law governs a contract is not at all inconsistent with a ruling that efforts to enforce that contract against a California citizen will give rise to a private right of recovery. Two distinct claims between the same parties can be—and in this case *are*—governed by the substantive law of two different states.

Plaintiff has also misconstrued the legal argument underpinning Ms. Carrandi's Counterclaim. Plaintiff's motion to dismiss is based entirely on the argument that the California law cannot regulate or invalidate Georgia contracts. (Doc. 25_1, at 4-8.) However, the relief that Ms. Carrandi seeks in her Counterclaim is not to invalidate a Georgia contract, nor is that the practical effect of the private right of action arising under Sec. § 16600.5(e). Rather, Sec. 16600.5 makes it a civil violation for employers to enforce restrictive covenants against California citizens, even if those contracts are enforceable in other states, and provides California employees harmed by such violation with a right to injunctive relief, damages, and attorney's fees.

Ms. Carrandi's entitlement to recovery under this private right of action is not dictated by the contract's choice of law provision. A provision that Georgia law governs particular contract cannot invalidate an act of the California legislature providing a private right of recovery to its own citizens. While Ms. Carrandi maintains that the contract at issue here is unenforceable under both states' laws, it could both be true that a contract is enforceable under Georgia law, and that attempting to enforce that contract against a California citizen runs afoul of California law. It is not unusual under our country's system of federalism for acts that are legal in some states to be illegal in others. California may not have a right to decide whether a contract is enforceable in other states, but it does have a right to protect its own citizens from the enforcement of contracts illegal under its own laws.

This principle is supported by Nat'l Pork Producers Council v. Ross, cited in Plaintiff's brief, in which the Supreme Court affirmed that it has repeatedly "recognized the usual 'legislative power of a State to act upon persons and property within the limits of its own territory,' a feature of our constitutional order that allows 'different communities' to live 'with different local standards.'" Nat'l Pork Producers Council v. Ross, 598 U.S. 356, 375 (2023) (internal citation omitted). In Ross, the Court rejected essentially the same argument that Plaintiff makes here: that the Constitution forbids enforcement of state laws that have the "practical effect of

controlling commerce outside the State," even when those laws do not purposely discriminate against out-of-state economic interests. Id. at 371. (Compare Doc. 25_1, at 5, arguing that "The California legislature can no more control what happens outside of the state than California courts can exercise extraterritorial jurisdiction over a non-Californian with no connection to the state.")

In finding that there is no constitutional protection against the extraterritorial effects of state laws, the Supreme Court observed that "[i]n our interconnected national marketplace, many (maybe most) state laws have the 'practical effect of controlling' extraterritorial behavior." Id. at 374. Plaintiff attempts to distinguish this case by pointing out that pork producers in Ross can avoid California law by not selling pork in California, but the same is true here: out-of-state employers can avoid civil liability under California law by not employing California citizens, or by not attempting to enforce restrictive covenants against them. Plaintiff argues that the only way to avoid liability under Cal. Bus. & Prof. Code § 16600.5 would have been to "presciently fire Ms. Carrandi when she moved to California." (Doc. 25_1, at 9.) However, the simplest method of avoiding liability under this statute would have been choosing not to sue her, knowing that doing so violated California law. (Doc. 10-3.)

Plaintiff's citation to legal authority regarding personal jurisdiction is inapposite, since personal jurisdiction is not in dispute here. Nonetheless, the contention that Plaintiff is not subject to California law is factually and legally incorrect. Because it has chosen to employ California residents, Plaintiff has intentionally subjected itself to California state law. Contrary to Plaintiff's representation to the Court that it does not have an office California (Doc. 25_1, at 2), it holds itself out to the public as having offices in San Francisco *and* Los Angeles. (A true and correct copy of Plaintiff's website description of its Company, as accessed on January 29, 2024 is attached hereto as "Exhibit A.")

Additionally, in April 2016, several years after Ms. Carrandi moved to California, Plaintiff's Direct of Finance stated that Ms. Carrandi's home office in California "represents our west coast services," and that her location in California "gives us enhanced time flexibility and coverage to assist our clients," since it is a "necessity" for Plaintiff to have offices in different time zones. (A true and correct copy of the April 2016 Letter from Chery Drust is attached hereto as "Exhibit B.") As recently as June 27, 2023, Plaintiff referred to Ms. Carrandi as its "West Coast/NoCal representative" and referenced the "critical" nature of her availability during the end of the US workday. (A true and correct copy of the June 27, 2023 letter is attached hereto as "Exhibit C.")

Of course, Plaintiff's argument that it is not subject to California law because it has no California office and Ms. Carrandi "unilaterally" moved to California are based on factual allegations outside the pleadings, and thus not appropriately before this Court on a motion to dismiss. However, as shown herein, there are a number of facts which can be proven in this case which would render Plaintiff subject to California law. Plaintiff therefore will be unable to show that it is "beyond doubt that [Ms. Carrandi] can prove no set of facts which would entitle [her] to relief." See Ellis, 171 F. Supp. 2d at 1378. Ms. Carrandi has adequately stated a claim under Sec. Sec. § 16600.5(e), and thus this motion must be denied.

Nonetheless, closer analysis and research has led Ms. Carrandi to the conclusion that her Counterclaim is permissive and not, in fact, compulsory, as originally pled. Because the Counterclaim is permissive, and because it presents novel and complex issues of state law, it would be more appropriately pursued in a California forum. See 28 U.S.C. § 1367(c). For this reason, while Ms. Carrandi opposes Plaintiff's motion to dismiss the Counterclaim for failure to state a claim under Fed. R. Civ. P. 12(b)(6), she has separately moved the Court for an order voluntarily dismissing her counterclaim *without prejudice* so that it may be pursued in a more appropriate forum.

## CONCLUSION

As shown herein, Plaintiff cannot show that it is "beyond doubt that [Ms. Carrandi] can prove no set of facts which would entitle [her] to relief" under Cal. Bus. & Prof. Code § 16600.5. See Ellis, 171 F. Supp. 2d at 1378. Plaintiff's motion to dismiss the counterclaim for failure to state a claim must therefore be denied.

Respectfully submitted this the 12th day of February, 2024.

/s/ Mary Ellen Lighthiser
Michael D. Flint
Georgia Bar No. 264725
Mary Ellen E. Lighthiser
Georgia Bar No. 105407
*Attorneys for Lisa Carrandi*

MCCLURE & KORNHEISER, LLC
6400 Powers Ferry Road NW
Suite 150
Atlanta, GA 30339
Telephone: (678) 388-2680
E-mail: mflint@mcclurelegal.com
mel@mcclurelegal.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the foregoing brief was prepared in Times New Roman 14-point font, in compliance with Local Rule 5.1(B).

This 12th day of February, 2024.

/s/ *Mary Ellen Lighthiser*
Mary Ellen Lighthiser
Georgia Bar No. 105407

MCCLURE & KORNHEISER, LLC
6400 Powers Ferry Road NW
Suite 150
Atlanta, GA 30339
Telephone:  (678) 388-2680
E-mail:   mel@mcclurelegal.com

## CERTIFICATE OF SERVICE

I certify that on February 12, 2024 I filed the within and foregoing *BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM* using the CM/ECF System for the federal District Court for the Northern District of Georgia, which will provide electronic service to all counsel of record, and by statutory electronic service.

This the 12th day of February, 2024.

/s/ Mary Ellen Lighthiser
Mary Ellen Lighthiser
Georgia Bar No. 105407

McClure & Kornheiser, LLC
6400 Powers Ferry Road NW
Suite 150
Atlanta, GA 30339
Telephone:  (678) 388-2680
E-mail:     mel@mcclurelegal.com